IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED
OCT 2 2 2009
Clerk of Court

| | | |
|---|---|---|
| ARTURO LOPEZ FERNANDEZ | § | |
| | § | |
| VS. | § | C.A. NO. ____________ |
| | § | |
| GLOBAL INDUSTRIES, LTD., | § | |
| GLOBAL OFFSHORE | § | |
| INTERNATIONAL, LTD., | § | |
| GLOBAL INDUSTRIAL OFFSHORE, | § | |
| L.L.C., AND HOLLOWAY-HOUSTON, | § | |
| INC. | § | RULE 9(h) ADMIRALTY |

## **ORIGINAL COMPLAINT**

COMES NOW, ARTURO LOPEZ FERNANDEZ, hereinafter referred to as Plaintiff, continuing to complain of GLOBAL INDUSTRIES, LTD., GLOBAL OFFSHORE INTERNATIONAL, L.P., GLOBAL OFFSHORE INTERNATIONAL, L.P., and HOLLOWAY-HOUSTON, INC., hereinafter referred to as Defendants, respectfully showing under this Honorable Court as follows:

1. This is an action within the Maritime and Admiralty Jurisdiction of this Court. There exists an amount in controversy in excess of $75,000.00.

2. This claim is maintained under the Jones Act and General Maritime law of the United States and under 46 U.S.C.A. 1349, 33 U.S.C.A. 901, and 33 U.S.C.A. 905(b), or alternatively, General Maritime Law of the United States, as well as the laws of the State of Texas, general rules of negligence, and breach of warranty as to the Defendant HOLLOWAY-HOUSTON, INC.

3. The Plaintiff, ARTURO LOPEZ FERNANDEZ, is a resident of the country of Spain, and one or more of the Defendants are residents of the State of Texas and doing business within the Southern District of Texas.

4. The Defendant GLOBAL INDUSTRIES, LTD. is a corporation doing business in the State of Texas, but which has not designated an agent for service of process in Texas. This Defendant may be served with due process herein by serving its registered agent for service, Secretary of State for the State of Texas. Defendant's business address is 5319 Port Rd., New Iberia, LA 70560.

5. The Defendant GLOBAL OFFSHORE INTERNATIONAL, L.P. is a corporation doing business in the State of Texas, but which has not designated an agent for service of process in Texas. This Defendant may be served with due process herein by serving its registered agent for service, Secretary of State for the State of Texas. Defendant's business address is 8000 Global Drive, Carlyss, LA 70665-8807.

6. The Defendant GLOBAL INDUSTRIAL OFFSHORE, L.L.C., is a corporation doing business in the State of Texas, but which has not designated an agent for service of process in Texas. This Defendant may be served with due process herein, by service its registered agent for service, Secretary of State for the State of Texas. Defendant's business address is 8000 Global Drive, Carlyss, LA 70665-8807.

7. Defendant HOLLOWAY-HOUSTON, INC.. is a corporation which conducts business in Harris County, Texas, and in the state of Texas, and may be served with citation by and through its President, Charles M. Chatman, at its offices located at 5833 Armor Drive, Houston, TX 77020.

8. Defendant GLOBAL INUSTRIES, LTD. is the owners of the vessel "DLB HERCULES", doing business within the State of Texas.

9. Defendant GLOBAL INDUSTRIAL OFFSHORE, L.L.C. is the operator of the vessel "DLB HERCULES", doing business in the State of Texas.

10. The Plaintiff is a Spanish citizen working for an American corporation, and brings this action pursuant to the terms of §1916, Title 28, U.S.C.A. without the prepayment of costs, or the necessity of depositing a security therefore.

11. The Plaintiff would show that he sustained a serious and disabling injury, on or about March 18, 2009. At the time Plaintiff was employed by Defendant, GLOBAL OFFSHORE INTERNATIONAL, L.P. as an engineer and Jones Act seaman aboard the vessel "DLB HERCULES", which was owned by GLOBAL INDUSTRIES, LTD. and operated by the Defendant, GLOBAL INDUSTRIAL OFFSHORE. L.L.C., when he sustained injuries due to the negligence of one or more of the Defendants.

12. On the occasion in question, a lift test was being performed with gear end equipment provided by the Defendant HOLLOWAY-HOUSTON, INC.., which failed in the process causing the serious injuries suffered by the Plaintiff.

13. The Plaintiff alleges that on the occasion in question the Defendants were acting through their officers, agents, servants, and/or employees, and employees were negligent in ways that contributed in whole or in part to cause the injuries sustained by the Plaintiff.

14. The Plaintiff alleges that the vessels involved in the occurrence made the basis of this suit were rendered unseaworthy at the time and on the occasion in question, and that such unseaworthy conditions were a legal cause of Plaintiff's injuries.

15. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries to his hands, back, legs, and other parts of his body. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the "DLB HERCULES", its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendants, their agents, servants and/or employees acting in the course and scope of their employment and agency. Defendant HOLLOWAY-HOUSTON, INC. provided equipment which was defective and unsafe and/or improperly installed and/or operated as the test was performed, which broke or gave way, causing the serious injuries sustained by Plaintiff. Plaintiff alleges the Defendant HOLLOWAY-HOUSTON, INC. was, on the occasion in question, negligent and thus is jointly and severally liable to Plaintiff.

16. As a result of said occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

17. Plaintiff asserts at the time and on the occasion in question that he was a seaman as that term is defined in law. Alternatively, if this be incorrect, the Plaintiff avails himself

of all rights and benefits to which he is entitled under the maritime law of the United States and otherwise and brings this action for negligence on the part of the Defendants, jointly and severally.

18. Plaintiff further alleges that it was and still is, the duty of said Defendants/Employers, to furnish him with maintenance and cure and loss of wages. In addition, Plaintiff makes a claim for any past, present, or future maintenance and cure in which Plaintiff is or may become entitled in the future. If the Defendants fail to pay maintenance and cure, Plaintiffs seeks recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering; and, additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him. Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court may find reasonable at the time of trial of this cause.

19. Alternatively, if the Plaintiff be found not to be entitled to maintenance and cure, that he be awarded compensation for all medical, therapy, surgical, psychological, psychiatric, or other treatment received in the past or required in the future. Plaintiff sues herein for such medical expense.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ARTURO LOPEZ FERNANDEZ, prays that this citation issue and be served upon said Defendants, GLOBAL

INDUSTRIES, LTD., GLOBAL OFFSHORE INTERNATIONAL, L.P.., GLOBAL INDUSTRIAL OFFSHORE, L..C. AND HOLLOWAY-HOUSTON, INC. requiring that the Defendants appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE,
SHAFFER, & HARRIS, L.L.P.

ARTHUR L. SCHECHTER
TBA # 17735000
FED I.D. #: 1454
3200 Travis, 3rd Floor
Houston, Texas 77006
TEL: (713) 524-3500
FAX: (713) 751-0412
ATTORNEYS FOR PLAINTIFF,
ARTURO LOPEZ FERNANDEZ